UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL BREUNLING,

    Plaintiff,

v().

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:24-cv-1156

Hon. Hala Y. Jarbou

## ORDER

This case is an appeal of Administrative Law Judge (ALJ) Tiffani Jake's determination that Plaintiff Paul Breunling is not entitled to Disability Insurance Benefits and Supplemental Security Income.  On August 13, 2025, Magistrate Judge Maarten Vermaat issued a report and recommendation (R&R) that the Court affirm the ALJ's decision (ECF No. 12).  Breunling filed objections to the R&R on August 26, 2025 (ECF No. 13).  For the reasons explained below, the Court will overrule the objections and affirm the ALJ's decision.

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  This Court's "review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

Breunling's appeal is based on a single alleged error by the ALJ: the failure to properly consider the medical opinion of Breunling's treating psychiatrist, Dr. Matt Davis.  Dr. Davis's

evaluation indicated that Breunling experiences "disorganized thinking (speech)," a depressed mood, diminished interest in almost all activities, decreased energy, and difficulty concentrating or thinking, and that Breunling "has minimal capacity to adapt to changes in his[] environment or to demands that are not already a part of [his] daily life" and is "unable to function in [a] work environment." (Davis Evaluation, ECF No. 5-8, PageID.363–365.) However, the ALJ found Dr. Davis's opinion unpersuasive. (ALJ Decision, ECF No. 5-2, PageID.38.) The ALJ explained that

> [Dr. Davis's] examinations report generally normal findings, and his medical opinion consists of a series of checked boxes and lines, many of which are not completed. Dr. Davis opined that [Breunling] is unable to function in a work environment despite testimony that [Breunling] was working until he was laid off due to the pandemic. Furthermore, this opinion addresses the ultimate issue reserved to the Commissioner and is therefore inherently neither valuable nor persuasive per regulation 20 CFR 416.92b(c). These types of statements are also vague in general and provide no specific limits to be assessed.

(*Id.*, PageID.38–39 (internal citations omitted).)

In evaluating a medical opinion, an ALJ must consider whether the opinion is (1) supported by evidence and explanation, and (2) consistent with other evidence in the record. 20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ must also explain how each factor affected the evaluation. *Id.* § 404.1520c(b)(2). Breunling argues that the ALJ failed to sufficiently explain how the supportability and consistency factors impacted the persuasiveness of Dr. Davis's opinion.

Turning first to supportability, the ALJ's opinion indicates that she discounted Dr. Davis's conclusions because he did not sufficiently explain how he reached them. As the magistrate judge detailed, Dr. Davis's opinion consisted largely of checked boxes without any underlying reasoning. (*See* R&R 8–10, ECF No. 12.) The ALJ was also entitled to discount Dr. Davis's conclusive statements about Breunling's ability to work because that issue is reserved to the Commissioner. *See* 20 C.F.R. § 416.92b(c); *Long v. Berryhill*, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018). Furthermore, as the magistrate judge explained, the ALJ elaborated in

2

a different portion of her opinion about the "generally normal findings" that Dr. Davis reported. (*See* R&R 11.)

Breunling objects that the ALJ did not properly address Dr. Davis's conclusion that Breunling has difficulty concentrating. But the regulations merely require the ALJ to discuss whether Dr. Davis's opinion as a whole is supportable, not whether each aspect of it is supportable. *See M.M.C. v. O'Malley*, No. 1:22-CV-03346-SBP, 2024 WL 4308185, at *9 (D. Colo. Sept. 26, 2024). The ALJ's finding that Dr. Davis's opinion was unsupported explains why she did not credit any of his specific medical conclusions. Furthermore, the ALJ recognized that Breunling "has a moderate limitation" related to "concentrating." (ALJ Decision, PageID.33.) Breunling argues that the ALJ ignored this limitation when making her residual functional capacity determination, but presumably concentration was factored into the finding that Breunling can "understand, remember, and carry-out simple instructions to perform simple and routine tasks." (*Id.*, PageID.34.) Thus, the ALJ sufficiently addressed supportability.

As to consistency, the ALJ's only reference to this factor is her observation that Dr. Davis "opined that [Breunling] is unable to function in a work environment despite testimony that [Breunling] was working until he was laid off due to the pandemic." (*Id.*, PageID.39.) However, this observation seems to be in tension with her finding that Breunling cannot perform his past relevant work. (*See id.*) That is, if the ALJ agrees that Breunling can no longer perform his past work, it is not clear why his prior ability to do that work would weigh against the persuasiveness of Dr. Davis's opinion.

But even if the ALJ erred in the consistency analysis, that error was harmless. Although the Sixth Circuit has not addressed harmless error in this precise context, it has articulated a harmless error standard for the "treating physician rule," which governs the persuasiveness of

3

medical opinions for Social Security claims filed before March 27, 2017. *See Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552, 554 (6th Cir. 2020); 20 C.F.R. § 404.1527. The treating physician rule requires an ALJ to "'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett*, 964 F.3d at 552 (quoting 20 C.F.R. § 404.1527(c)(2)). But the failure to give good reasons can be harmless error if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it[,] or where the Commissioner made findings consistent with the treating-source opinion[,] or where the purposes of notice and ability for meaningful review have been satisfied." *Id.* at 554 (cleaned up).

District courts in this circuit have applied this harmless error standard to the supportability and consistency requirements of § 404.1520c, reasoning that "mandatory articulation requirement in Section 404.1520c(b)(2) is similar to the 'good reasons' requirement of the treating physician rule." *Lorraine R. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00396, 2022 WL 4232839, at *4 (S.D. Ohio Sept. 14, 2022); *see also Page v. Soc. Sec. Admin.,* No. 3:22-CV-00239, 2023 WL 6702882, at *10 (M.D. Tenn. Aug. 2, 2023) (collecting cases), *report and recommendation adopted*, No. 3:22-CV-00239, 2023 WL 6005344 (M.D. Tenn. Sept. 15, 2023). The mandatory articulation requirement and the "good reasons" requirement are both intended to allow a Social Security claimant to better understand a decision, and to allow a court to better review that decision. *Lorraine*, 2022 WL 4232839, at *5. Because the requirements share an underlying justification, it is reasonable to apply the "good reasons" harmless error standard to the mandatory articulation rule.

Applying that standard here, any error by the ALJ in her discussion of Dr. Davis's opinion is harmless because the opinion is "patently deficient." *Hargett*, 964 F.3d at 554. Dr. Davis's opinion is little more than a series of checked boxes without explanation. The Sixth Circuit "ha[s]

4

characterized an opinion expressed in a check-box form, without any further explanation to support the treating physician's conclusions, as 'weak evidence' and ha[s] concluded that such an opinion meets the patently deficient standard." *Pruitt v. Comm'r of Soc. Sec.*, No. 22-5152, 2022 WL 4517094, at *4 (6th Cir. Sept. 28, 2022) (ALJ's failure to provide "good reasons" was harmless error because medical opinion was merely checked boxes); *see also Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474–75 (6th Cir. 2016). Thus, even if the ALJ failed to properly address the persuasiveness of Dr. Davis's opinion, that error was harmless.

Accordingly,

**IT IS ORDERED** that Breunling's objections to the R&R (ECF No. 13) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 12) is **APPROVED** and **ADOPTED** for the supplemental reasons set forth herein.

A judgment will issue in accordance with this Order.

Dated: October 22, 2025           /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE